This action was brought by Paul Junkin as receiver of the Perfection Tire Co. against L. P. Hoffmaster et al, in the District Court upon their written agreement guaranteeing the payment of all purchases heretofore made and that may hereafter be made by the Automative Tire Service Co. (of which Hoffmaster et al. were directors) from the Perfection Tire Co. up to $10,000.

Junkin claimed a balance of $8,327.34 after offsetting of certain credits. Hoffmaster claimed that the Service Co. was entitled to further offsetting credits. The verdict and judgment was for $8,240 in Junkins' favor.

By the contract the time of payment was definitely fixed at "net thirty days from date of invoice." When the account of the Service Co. was past due however, a note was given to the Perfection Co. first for 30 days but later 90 days was agreed upon. Hoffmaster testified that the note was given and accepted as full payment and it was expressly agreed that the guaranty be cancelled. The Perfection Co. denied this. The case was taken up on error and it was contended in the Circuit Court that the Perfection Co. was more concerned to liquidate the account and get a note which could be discounted than it was to preserve its rights under the guaranty. The Circuit Court of Appeals held:

1. Since one Gifford and one Riehl as guarantors, had no knowledge of the giving of the note to the Service Co. intended to extend time for payment of the account, they as non-assenting guarantors were released.

2. The request for a directed verdict as to them should have been granted.

3. If the note was given and taken in absolute and not in conditional payment of the account, the guaranty would be exhausted as the account guaranteed would have been paid. No question of consideration would arise.

4. The position of the agent of the Perfection Co. in charge of the Automotive Company's account, would suffice to bind his principal whether or not, in turning in the note, he fully advised the officers of the Perfection Co. of the entire transaction.

5. Therefore the failure to submit to the jury as requested, the issues of conditional or absolute payment and express waiver of the guaranty was reversible error.

Reversed and remanded.

Attorneys—McKain & Ohl for Hoffmaster et; Harrington, DeFord, Huxley & Smith for Junkin; all of Youngstown.

No. 837
In Re L. M. AXLE CO.

L. M. AXLE CO. v. WELLS

U. S. Appeals, 6th Circuit.

No. 4278. Decided Jan. 9, 1925.

683. JURISDICTION—Conferred on bankruptcy court to approve compromise made by trustee in controversy arising in the administration of bankrupt estate.

127. BANKRUPTCY—Court, under Bankruptcy Act, should enforce general orders relating to procedure.

DONAHUE, C. J.

This case came into the Circuit Court of Appeals upon a petition to revise and upon an appeal from an order of the bankruptcy court dismissing the petition of the Axle Co. to review an order of the referee approving the trustee's report of sale including as incident thereto, and as part of the conditions of sale, the settlement and compromise of controversies in reference to debts and other claims due or belonging to the estate of the bankrupt, the Axle Co., from the purchaser and debts against the bankrupt estate claimed to be due and owing to the purchaser.

The Circuit Court of Appeals in dismissing the Appeal and affirming the order of the District Court in dismissing the petition held:

1. An order dismissing the petition of a bankrupt to review a referee's order approving the trustee's report of sale is properly reviewable on petition to revise and not by appeal.

2. Jurisdiction is conferred on a bankruptcy court to approve a compromise made by the trustee of any controversy arising in the administration of the estate by section 27 (Comp. St. sec. 9611) of the Bankruptcy Act.

3. It is the duty of the bankruptcy court to enforce the general orders under Section 30 (Comp. St. sec. 9614) of the Bankruptcy Act in regard to procedure and rules of practice; and when purposes of these orders have been enforced, a mere technical objection is unavailable.

4. A written application of trustee under the Bankruptcy Act setting forth subject matter of the controversy taken in connection with report of the sale is sufficient to advise the court as to the trustee's reason for recommending a compromise, and objection that application was insufficient is untenable.

Order of District Court dismissing petition, affirmed.

Attorneys—Day & Day for Axle Co.; Howard F. Burns for Wells, trustee; all of Cleveland.